1 | **Jonah King sbn 270196**
**155 W. Washington Blvd. # 1005**
2 | **Los Angeles, CA 90015**

3 | **Tel (213-741-1790)**

4 |

Attorney for Plaintiff, Rayna Mike

5 |

FILED
SEP 15 2010
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
Deputy Clerk

6 |

7 |

8 | UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA

9 |

10 |

11 | RAYNA MIKE,

12 |   Bk. Case No. 10-43385

    Adv. No.

13 |     Plaintiff,

    ADVERSARY COMPLAINT:
14 |     1. QUIET TITLE
    2. FRAUD BY CONCEALMENT
15 |     3. AVOID FRAUDULENT LIEN
    4. DAMAGES FOR VIOLATION
16 |        OF AUTOMATIC STAY

17 |

18 |   vs.

19 | BEL AIR GLEN HOMEOWNERS

20 | ASSOC., ASSOCIATED LIEN

21 | SERVICES, AND DOES 1-10,

22 | ET AL.,

23 |     Defendants.

24 |

25 |

26 |

27 |

28 |

Adversary Complaint

Plaintiff, Rayna Mike, alleges as follows.

I.  PARTIES

1. Plaintiff is a resident of Los Angeles County, California, and the Debtor herein.

2. Bel Air Glen Homeowner's Association, "Bel Air," is a California homeowners association that was doing business in California in 2006 and other relevant times.

3. Association Lien Services is a California corporation that was doing business in California in 2006 and other relevant times.

4. Plaintiff does not know the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive ("Doe Defendants"), and therefore sues said Doe Defendants by fictitious names. Plaintiff is informed and believes and based on such information and belief avers that each of the Doe Defendants is contractually, strictly, negligently, intentionally, vicariously liable and/or otherwise legally responsible in some manner for the acts and omissions described herein. Plaintiff will amend this Complaint to set forth the true names and capacities of each DOE when ascertained.

5. Each of the Defendants named herein and are alleged to have been acting in concert with, as employee, agent, co-conspirator or member of a joint venture of, each of the other Defendants, and are therefore alleged to be jointly and severally liable for the claims set forth herein, except as otherwise alleged. Plaintiff made repeated efforts to obtain a justification for the claim of $ 28,000 which was twice the amount originally claimed. Despite numerous requests the defendants refused to give any breakdown of the demand or justify it in any way.

II. GENERAL ALLEGATIONS

6. Plaintiff and her husband lived in their home at 2877 Woodwardia Drive, Bel Air, California 90077 ("the property") during 2006 and all other relevant times.

7. Beginning in 2006, Plaintiff became in arrears in payment of homeowners association payments to Defendant Bel Air. As of January 18, 2008, this amount was $5,939.95, according to a Notice of Default sent to Plaintiff by Association Lien Services on behalf of Bel Air.

8. Bel Air charged Plaintiff onerous late fees and finance charges for each month that Plaintiff did not make homeowners association payments, eventually charging Plaintiff as much as $145 a month in late fees and finance charges.

9. Association Lien Services recorded a lien on the property in the amount of the unpaid balance of homeowners dues on November 8, 2007.

10. On November 13, 2009, Association Lien Services gave notice to Plaintiff that the deed of trust would be sold at public auction on December 15, 2009. The notice claimed that the current amount in arrears was $14,280.15.

11. Throughout 2009, Plaintiff made numerous offers of settlement to Bel Air through its agent, Association Home Liens, which were consistently rebuffed by Associated Home Liens, on behalf of Bel Air.

12. Despite Plaintiff's good faith attempts to negotiate a settlement or payment plan, the lien for back payments, ALS sold Plaintiff's home at foreclosure to Bel Air for $15,622.09 on March 19, 2010, subject to the right of redemption.

13. Plaintiff continued throughout 2010 to attempt to make payment to redeem the property, but was told in June 2010 by Bel Air's agent, Association Lien Services, that in order to redeem the deed of trust, Plaintiff would now have to submit payment to Bel Air of over $28,000, which in no way represented the true amount owing to Bel Air. Demand was made for breakdown of such amount but no such breakdown was ever given. The demand was presented on a "take it or leave it" basis.

FIRST CLAIM TO QUIET TITLE AGAINST ALL DEFENDANTS

14. Plaintiff hereby realleges and incorporates by reference the prior allegations.

15. Plaintiff is the owner of record of the property. Defendants have recorded deeds of trust, and other liens against Plaintiff's property. Defendants Bel Air and Association Lien Services have no right to assert claims to the title to the Property. Their claims to liens are inflated and fraudulent and not justified by the actions of the plaintiff.

16. Plaintiff seeks to quiet title against the Defendants as of the date of recording of liens against the property beginning in November, 2007 and a judicial declaration that the title to the property is vested in Plaintiff alone and that: (1) Defendants, and each of them, be declared to have no estate, right, title, or interest in the Property and (2) said Defendants, and each of them, be forever enjoined from asserting any right, title, or interest in the Property, adverse to Plaintiff herein.

17. The address of the property is 2877 Woodwardia Drive, Los Angeles California 90077. The property is a condominium comprised of four parcels located in the city of Los Angeles in the County of Los Angeles.

18. The legal description of Parcel 1 is that portion of Tract No. 28682, in the City of Los Angeles, County of Los Angeles, State of California, as per map recorded in Book 782, pages 5 to 9 inclusive of maps, in the office of the county recorder of said county shown and defined as unit 60 on that certain condominium plan, recorded May 4, 1970 in book M-3479 page 458, official records, as Instrument No. 443, in the office of the county recorder of said County.

19. The legal description of Parcel 2 is an undivided 1/221st interest in and to those portions of Tract No. 28680, as per map recorded in Book 781, pages 95 to 97 inclusive of maps, Tract No. 28681 as per map recorded in Book 782 pages 5 to 9 inclusive of maps, and Tract No. 28683, as per map recorded in Book 782, pages 10 and 11 of maps, shown and defined as "common area" on the condominium plan for said tracts recorded in Book M-3380 page 632, et seq., in Book M-3489, page 4, et seq., in Book M-3479, page 458 et seq., in Book M-3484, page 423 et seq., official records, however, that if grantor in its sole discretion determines it appropriate it can reduce the number of condominium estates in the company project to not less than 218 thereby increasing the proportionate interest of the grantee herein said common areas.

20. The legal description of Parcel 3 is an exclusive appurtenant easement for residential yard purposes, in and to that portion of Tract No. 28682, shown and defined as appurtenant area number 60A in the condominium plan for said tract.

21. The legal description of Parcel 4 is a non-exclusive easement and right of way for public utility, drainage and cable antenna television facilities and pedestrian and vehicular ingress and

egress over the association areas as defined in the Covenants, Conditions and Restrictions and Reservations for Tract No. 28680, 28681, 28682 and 28683, which easement is for the benefit of and appurtenant to the herein above described parcels 1, 2, and 3.

## SECOND CLAIM FOR DAMAGES FOR FRAUD BY CONCEALMENT
## AGAINST DEFENDANTS BEL AIR AND ASSOCIATION LIEN SERVICES

25. Plaintiff hereby realleges and incorporates by reference the prior allegations of the complaint.

26. Defendant Association Lien Services acted at all times as the agent for Bel Air.

27. After the foreclosure sale in March 2010, Defendants wrongfully and knowingly misrepresented the amount of homeowners association dues owing in order to keep Plaintiff from redeeming the property.

28. As a proximate result of Defendants' wrongful and knowing misrepresentations to Plaintiff, Plaintiff was unable to pay the amount owing to Bel Air, and after Bel Air brought an action against Plaintiff for unlawful detainer, Plaintiff and her husband were evicted from their home by the Los Angeles County Sheriff on August 2, 2010, and they have been living away from their home since that date.

29. As a further proximate result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer anxiety, worry, mental and emotional distress, and other incidental damages in an amount to be proven at trial.

## THIRD CLAIM FOR AVOIDANCE OF LIEN OBTAINED BY FRAUD
## AGAINST ALL DEFENDANTS

30. Plaintiff hereby realleges and incorporates by reference the prior allegations of the complaint.

31. By fraud and concealment, the defendants obtained a fraudulent lien for HOA fees that

Adversary Complaint     - 5 -

was fraudulent and was filed against the residential property of the Plaintiff. Said lien constitute a preference as to other creditors. The lien and resulting transfer of property pursuant to foreclosure must be set aside as they impair the exemptions available to a Debtor to protect residential property.

## FOURTH CLAIM FOR DAMAGES FOR
## VIOLATION OF AUTOMATIC STAY

32.     Plaintiff hereby realleges and incorporates by reference the prior allegations of the complaint.

33.     This petition was filed on August 10, 2010. On and after that date the defendants violated the automatic stay by causing the Debtor to be excluded from the residence of her husband and herself. On and after the filing date the Debtor advised the defendants and the Los Angeles County sheriff of the filing and the automatic stay. Despite the protection of the automatic stay the defendants and their agents unlawfully interfered with the possession of the Debtor and her husband in their home. By reason thereof the Plaintiff has suffered emotional stress and trauma and has been prevented from living a business or living in a normal manner. Said actions are a further attempt to extort unjustified sums from the Plaintiff with respect to the amounts claimed as HOA Fees.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment against the Defendants and each of them, jointly and severally, as follows:

1. A judicial declaration quieting title in favor of Rayna Mike;

2. An order and judgment that Defendants, their assigns and successors in interests have no right, title, estate, lien or interest whatsoever in the property, and

3. For actual damages according to proof;

4. For compensatory damages as permitted by law;

5. For consequential damages as permitted by law;

6. For statutory damages as permitted by law;

7. For reasonable attorneys' fees and costs; and such other relief as is just and proper.

By: _____

Jonah King, Attorney for Plaintiff

## VERIFICATION

I, Rayna Mike, declare under penalty of perjury, under the laws of the State of California, that I have read the Complaint in this matter and the claims therein that relate to my claim to quiet title to the property located at 2877 Westwardia Drive, Los Angeles, California, 90077. The allegations set forth in the Complaint relating to my claim to quiet title are true and correct.

Executed at Los Angeles, California this_____day of September, 2010.

_____
Rayna Mike

Adversary Complaint                                    - 7 -

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action. My business address is 155 W. Washington Blvd., Ste. 1005, Los Angeles, California.

On September 15, 2010, I caused the following document described as: Adversary Complaint to be served on the attorney for Bel Air Glen Homeowners Association by placing a true and correct copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

Meller & Floyd
2001 Wilshire Blvd. # 504
Santa Monica, CA 90401

I caused such envelope with postage thereon fully prepaid to be placed in the United States mail. I declare under penalty of perjury the foregoing is true and correct.

Executed this 15th day of September, 2010 at Los Angeles, California.

Adversary Complaint    - 2 -

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>Reyna Mike | DEFENDANTS<br><br>Bel Air Glen Homeowners Asoc., Associated Lien Services, and Does 1-10 |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br><br>Jonah King, 155 W. Washington Bl. Suite, Los Angeles, CA 90015 | ATTORNEYS (If Known)<br><br>Meller & Floyd, 2001 Wilshire 2001 Wilshire Bl., # 504 Santa Monica CA 90401 |
| PARTY (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Foreclosure on basis of fraudelent Lien, violation of automatic Stay by proceeding against Debtor after Ch. 13 filed

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
1 ☒ 12-Recovery of money/property - §547 preference
2 ☒ 13-Recovery of money/property - §548 fraudulent transfer
3 ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
4 ☒ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☒ 71-Injunctive relief – imposition of stay
5 ☒ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

RECEIVED SEP 15 2010 CLERK U S BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA BY Deputy Clerk

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 1,000,000 |

Other Relief Sought  Injunctive Relief against creditor violating stay